# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

EMMANUEL CHUKWUEBUKA UZOECHI,

    Plaintiff

v.

DR. DAVID WILSON, ET AL.

    Defendant

CIVIL NO. JKB-16-3975

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Emmanuel Uzoechi initiated this action against Dr. David Wilson, Dr. Kevin Banks, Mr. Seymour E. Chambers, Morgan State University, and Ms. Stacie Sawyer on December 13, 2016 (ECF. No. 1), alleging a violation of Title IX of the Education Act of 1972, negligence, and malicious prosecution. Defendants move for dismissal of all claims (ECF. No. 15). Plaintiff moves for Summary Judgment (ECF. No. 12). There is no need for a hearing to resolve the matter. *See* Local Rule 105.6.

Defendants' Motion to Dismiss (ECF. No. 15) will be GRANTED by accompanying order. Defendants' motion for Leave to File their late response to Plaintiff's Motion for Summary Judgment (ECF. No. 22) will be DENIED by accompanying order, and as such the Court has not read Defendants' proposed response to Plaintiff's Motion for Summary Judgment (ECF. No. 23). As the Plaintiff has failed to state claims upon which relief can be granted, his

Motion for Summary Judgment (ECF. No. 12) is moot, and it is DENIED by accompanying order.

I.  *Background*

The Plaintiff's complaint is succinct, and it contains few explicit factual allegations. Ordinarily, in reviewing a motion to dismiss, the Court is confined to the allegations and supporting information set out in the complaint in assessing the adequacy of its contentions. However, the Court may extend one step further and consider documents attached to the motion to dismiss that are "integral and explicitly relied on in the complaint… [if] the plaintiffs do not challenge [their] authenticity." *Chesapeake Bay Foundation, Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (first alteration in the original). Thus, the motion to dismiss will be considered in the context of not just the facts alleged in the complaint but also those set out in a document labeled "OFFICIAL NOTICE OF DECISION AND SANCTION(S)" which is attached as Exhibit 13 to the motion to dismiss (ECF No. 15-2) and which is integral and relied upon in the complaint.

Plaintiff's further allegations and statements of fact contained in his Motion for Summary Judgment (ECF. No. 12) as well as those set out in his response to Defendant's Motion to Dismiss (ECF. No. 20) are not properly considered at this stage. *See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.").

The Plaintiff alleges as follows:  At some point in early 2015, the Plaintiff (who apparently was then a student at Morgan State University), was charged with a criminal offense

under Maryland law. He was jailed for a period of 6 months, beginning on February 25. (Compl. III.) On April 21 or 28, 2015, a hearing was held at Morgan State in regard to Plaintiff's conduct that had resulted in his detention. (Compl. III (stating that the date of the hearing was April 28); Def.'s Mot. Dismiss Ex. 13 (stating that the date of the hearing was April 21).) Plaintiff was unable to attend the hearing because he was incarcerated. (Compl. III.1.) The result of the Morgan State hearing was that the University found, by a preponderance of the evidence, that the Plaintiff had been in a "young lady's room," and "did not comply with her wishes not to engage in sexual activity and . . . penetrated her." (Def.'s Mot. Dismiss Ex. 13). As a result of the University's handling of this matter, the Plaintiff's immigration status was affected, he was unable to transfer to Towson University, and he worried for his safety. (Compl. III). Furthermore, Defendant Seymour Chambers, who worked for Morgan State, "tampered with evidence surrounding the allegation," an act that impaired Plaintiff's ability to properly defend himself in criminal court.

Plaintiff proceeds *pro se* and the Court, holding Plaintiff's complaint "to a less stringent standard than pleadings drafted by lawyers," *Osei v. University of Maryland University College*, 202 F. Supp. 3d 471, 480 (D. Md. 2016), has deduced the following claims: (1) a violation of Title IX by Defendants Seymour Chambers and Morgan State University; (2) a claim of Negligence against Dr. Kevin Banks, Seymour Chambers, David Wilson, and Morgan State University; and (3) a claim of malicious prosecution against Assistant States Attorney Stacie Sawyer.

## II. *Standard of Review*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

The Court will construe all pleadings "so as to do justice," Fed. R. Civ. Pro. 8(e), and "as the case law makes very clear, the district court is obligated to make a determined effort to understand what the pleader is attempting to set forth." 5 Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* §1286 (3d ed.). Pleadings written by a *pro se* litigant are especially liberally construed, but "the court cannot ignore a clear failure to allege facts that support a viable claim." *Osei*, 202 F. Supp. 3d at 480-81 (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

### III.   *Analysis*

#### a.   *Title IX Claims*

Title IX provides that:

No person in the United States shall, *on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

4

20 U.S.C. §1681(a) (emphasis added).  Title IX does provide for a private right of action, *see Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005),  but it is unclear from the face of the complaint what type of Title IX claim the Plaintiff seeks to bring. Plaintiff's claim is likely properly construed as an "erroneous outcome" claim.  *See Doe v. Salisbury University*, 123 F. Supp. 3d 748, 765-66 (D. Md. 2015) (discussing erroneous outcome Title IX claims). Regardless of how Plaintiff wishes to style his Title IX action, however, his claim fails in that on its face there is a crucial omission: nowhere does the Plaintiff allege that he was subject to any harm *on the basis of his sex*.  Not only does the Plaintiff fail to allege "particular circumstances suggesting gender bias was a motivating factor" in the University's actions, as would be necessary to state an erroneous outcome Title IX claim, *Doe*, 123 F. Supp. 3d at 766 (quoting *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994), he fails to allege that he was subject to gender bias at all, or even, aside from the use of masculine pronouns, what his gender is.

Plaintiff alleges that he was not given due process in his disciplinary hearing, that Morgan State "failed to protect [him]" from various harms, and that Seymour Chambers tampered with evidence in an effort to hinder his ability to defend himself in criminal court. (Compl. III.)  While some of these allegations leave the Court skeptical as to their plausibility, others raise factual issues that, if Plaintiff had stated a claim, might well have required a response. The bottom line, however, is that Plaintiff failed to allege that any of the conduct directed against him was on account of his gender, and thus he fails, utterly, to state a Title IX claim upon which relief can be granted.[1]

---

[1] Plaintiff did structure his complaint such that the allegations of evidence tampering are contained in a different paragraph than that where the alleged Title IX claim is alleged. (*See* Compl. III.1, III.3).  While Plaintiff perhaps did not see the factual allegations regarding evidence tampering as supporting a Title IX claim, they simply do not cohere into any other actionable claim, so, generously, they are dealt with here.

### b. *Negligence*

Plaintiff makes several bare allegations of negligence in his Complaint: "Dr. Kevin Banks, Mr. Seymour E Chambers and President David Wilson (Morgan State University) demonstrated gross NEGLIGENCE . . . . Their negligence resulted in the plaintiff's inability to transfer to another institution," and "[t]his act of NEGLIGENCE is supported by the fact that it took more than 8 months . . . for Morgan State University to overturn the Expulsion." (Compl. III.2). Nowhere does Plaintiff explain what actions of any Defendants constituted negligence. A *pro se* plaintiff may not need to set forth and properly label a precise duty, its breach, causation, and damages to state a claim of negligence upon which relief can be granted, but a pleading that offers only "labels and conclusions . . . will not do." *Iqbal*, 556 U.S. at 678 (quotations omitted). The Plaintiff has offered only the label of negligence, and that is not enough to survive a motion to dismiss.

### c. *Malicious Prosecution*

Finally, the Plaintiff makes a claim of malicious prosecution against Defendant Stacie Sawyer. The Court takes notice that she apparently was (and is) an Assistant States Attorney—nowhere does the Plaintiff actually allege this. Under Maryland law, malicious prosecution has four elements:

> (a) a criminal proceeding instituted or continued by the defendant against the plaintiff, (b) termination of the proceeding in favor of the accused, (c) absence of probable cause for the proceeding, and (d) 'malice', or a primary purpose in instituting the proceeding other than that of bringing an offender to justice.

*Exxon Corp. v. Kelly*, 381 A.2d 1146, 1149 (Md. 1978) (quoting *Safeway Stores, Inc. v. Barrack*, 122 A.2d 457, 460 (1956). Under a liberal construction, Plaintiff's complaint at least comes close to alleging the first three elements. (Compl. III.4). But, regardless of

6

the plausibility of these initial three allegations, nowhere does Plaintiff accuse Sawyer of "malice," let alone proffer a plausible basis for such an accusation. Nowhere does Plaintiff allege any motivation "other than that of bringing an offender to justice." Therefore, Plaintiff fails to state a claim for malicious prosecution.[2]

## IV.  *Conclusion*

Plaintiff has failed to state any claim upon which relief can be granted and therefore the Defendants' motion to dismiss under Rule 12(b)(6) will be GRANTED by accompanying order. As Plaintiff fails to state any claims, his motion for summary judgment is moot and will be DENIED as such.

DATED this 8th day of September, 2017

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[2] Furthermore, even if a plausible claim had been made, the Plaintiff would still confront the hurdle of Defendant Sawyer's probable prosecutorial immunity. *See Gill v. Ripley*, 724 A.2d 88, 96 (Md. 1999).